```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                           CHARLESTON

JAN F. BECKER,

        Petitioner,

v.                                  Case No. 2:07-cv-00578

WARDEN HUDSON, ROBERT C. BYRD,
JOHN D. ROCKEFELLER, IV, G.W. BUSH,
A. GONZALES, PAUL D. CLEMENT,
J. ASHCROFT, UNITED WAY OF WEST
VIRGINIA, CHARLES T. MILLER,
SHARON L. POTTER, RITAR VALDRINI,
PATRICK M. FLATLEY, JOE MANCHIN, III,
D.V. MCGRAW, JR., LAWRENCE J. LEWIS,
THOMAS R. TINDER, ROBIN JEAN DAVIS,
D.L. LEMMON, LARRY A. STARK,
STEVEN J. KNOPP, LT. BULLA,
BETTY IRELAND, VIRGIL T. HELTON,
JANE L. CLINE, STEVE SPENCE,
P. BARKER, ALAN MOLLOHAN, NICK RAHALL,
and ROBERT STEPTOE, JR., etc.,

        Respondents.
```

## PROPOSED FINDINGS AND RECOMMENDATION

On September 17, 2007, the Clerk's Office received and filed an Application to Proceed in forma pauperis (docket sheet document # 1) and a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (# 2). This matter is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the undersigned has promptly reviewed the petition and has determined from the petition and the attached documents that Petitioner is not entitled to relief in this district court.

## Lack of jurisdiction

Petitioner is incarcerated at the Mansfield Correctional Institution in Mansfield, Ohio. In this petition, Petitioner appears to be challenging a judgment of conviction in the Holmes County Court of Common Pleas, in Millersburg, Ohio, which was entered on February 2, 2001. However, because Petitioner was neither convicted in a county within the Southern District of West Virginia, nor is he incarcerated within the Southern District of West Virginia, the undersigned proposes that the presiding District Judge **FIND** that this United States District Court lacks jurisdiction to review Petitioner's habeas corpus petition.

## Petition is frivolous and fails to state a proper claim

Furthermore, the present petition is patently frivolous, and fails to state a claim upon which relief can be granted. Petitioner has named numerous respondents, including federal and state officials, who have absolutely no connection whatsoever to Petitioner's Ohio conviction.[1] The petition is full of outrageous

---

[1] The undersigned notes that the proper respondent in a habeas corpus petition is the Petitioner's custodian. In this case, the undersigned assumes that Warden Hudson, the first named

2

and unwarranted deductions of fact. In the petition, Petitioner alleges as follows:

> Ground One: Petitioner has a Constitutional Right to a FEDERAL Appeal by a three-judge panel of impartial, unbiased Federal Judges.
>
> Every Cincinnati 6th Circuit Federal Appellate Judge REFUSED EN BANC to preside or decide the 26 grounds for release, and conspired with clerks and Respondents to fabricate a SHAM legal proceeding without judges long enough for United Way prison staff to assemble a kill-for-hire scheme; using other inmates promised release or parole by United Way Judges or United Way Parole Board Director (now Chief Inspector of DRC).
>
> Ground Two: Petitioner has a Constitutional Right to impartial and unbiased Federal Judge in ORIGINAL habeas corpus petition.
>
> Judge Donald C. Nugent is not only a United Way Judge, but a "HILLARY FOR PRESIDENT IN 2008" Clinton Conspirator; who denied federal habeas corpus to conceal his own corruption and lack of integrity "fixing" a case against the Clintons and Janet Reno Justice Department which furthered the original G.H.W. Bush presidential cover-up of the Aramony/New Era United Way Debacles used to kidnap children in Holmes County.

(# 2 at 3).

A search of Petitioner's name on the electronic docketing systems of other federal courts in the United States indicates that Petitioner has filed this same or similar petitions in other courts around the country. It further appears that Petitioner is filing this petition in other federal courts because he unsuccessfully pursued federal habeas corpus relief in the United States District

---

respondent is the Warden at the Mansfield Correctional Center. As discussed above, this district court lacks jurisdiction over Warden Hudson. The other respondents are improperly named herein.

Court for the Northern District of Ohio (the court that has jurisdiction over the state court where Petitioner was convicted), and he has exhausted the appellate remedies available to him.

According to an Order entered by the United States Court of Appeals for the Sixth Circuit in Becker v. Bradshaw, No. 04-3816 (6th Cir., Dec. 6, 2005), which Petitioner has attached to his present section 2254 petition (# 2-2 at 1-2), on March 1, 2001, Petitioner was convicted by an Ohio state court jury of gross sexual imposition, felonious sexual penetration, and rape. He was sentenced to a total of 30 years to life in prison. The Ohio Court of Appeals affirmed his convictions on December 20, 2001, and the Ohio Supreme Court dismissed his subsequent appeal on May 1, 2002. (Id.)

The Order further indicates that Petitioner filed a state habeas corpus petition, which was denied on November 24, 2003, and the Ohio Court of Appeals affirmed the decision on July 13, 2004. The Ohio Supreme Court declined to accept Petitioner's appeal for review on December 15, 2004. (citing Becker v. Bradshaw, 104 Ohio St. 3d 1425 (Ohio 2004)). (Id.)

Petitioner also filed a section 2254 petition in the United States District Court for the Northern District of Ohio on March 19, 2004, which asserted 26 grounds for relief. (Becker v. Bradshaw, Case No. 1:04-cv-00601-DCN (N.D. Ohio). (Id.) The Ohio district court dismissed Petitioner's section 2254 petition as

4

untimely and declined to issue a certificate of appealability. The Sixth Circuit granted a certificate of appealability on the timeliness issue, and ultimately affirmed the district court's judgment. (<u>Id.</u>) According to the docket sheet for Case No. 1:04-cv-00601-DCN in the United States District Court for the Northern District of Ohio, on April 13, 2007, Petitioner sought permission from the Sixth Circuit to file a second or successive section 2254 petition. However, that application was denied on June 8, 2007. (<u>Becker v. Bradshaw</u>, Case No. 1:04-cv-00601-DCN, docket # 11). Throughout this time, it appears that Petitioner was also filing petitions, such as the instant one, in other courts around the country.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter for lack of jurisdiction and because Petitioner's petition (# 2) is frivolous and fails to state a claim upon which relief can be granted. It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** Petitioner's Application to Proceed <u>in</u> <u>forma</u> pauperis (# 1).

Petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of

5

Civil Procedure, Petitioner shall have ten days (filing of objections) and then three days (service/mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Chief Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" to mail a copy of the same to Petitioner.

October 4, 2007
Date

Mary E. Stanley
United States Magistrate Judge